PROB 12A
(12/98)

# United States District Court

## for

## Southern District of Ohio

## Report on Offender Under Supervision

FILED
JAMES BONINI
CLERK

'06 MAY 24 PM 3:23

U.S. ...
SOU... ...
WEST... OHIO
... CINNATI

| | | |
|---|---|---|
| Name of Offender: | Jack Castle | Case Number: **1:02CR00172** |
| Name of Sentencing Judicial Officer: | The Honorable Sandra S. Beckwith<br>Chief United States District Judge | |
| Date of Original Sentence: | July 8, 2003 | |
| Original Offense: | Count Three-Unauthorized Use of an Access Device, a violation of 18 U.S.C. § 1029(a)(2) | |
| Original Sentence: | 36 month(s) probation | |
| Special Conditions: | 1) 6 months electronic monitoring<br>2) obey all federal, state, and local laws<br>3) no firearms or other dangerous weapons<br>4) pay restitution in the amount of $3,658.71 to American Express Company and $4,681.39 to Discover Financial Services<br>5) no new lines of credit or purchases on existing lines of credit until restitution is paid in full<br>6) disclose financial information upon request to USPO<br>7) participate in Consumer Credit Counseling as directed by USPO<br>8) pay $100 special assessment | |
| Type of Supervision: **Probation** | | Date Supervision Commenced: **July 8, 2003** |

## NON-COMPLIANCE SUMMARY

The offender has not complied with the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| The probationer shall pay restitution in the amount of $3,658.71 to American Express Company, and $4,681.39 to Discover Financial Services, for a total restitution obligation of $8,340.10 | At sentencing, the Court ordered Castle to pay restitution in the amount of $3,658.71 to the American Express Company, and $4,681.39 to Discover Financial Services, for a total restitution obligation of $8,340.10. The defendant has an outstanding restitution balance of $7,825.10 as of the date of this report, and will not be able to pay in full during the term of probation. |

U.S. Probation Officer Action:

On July 8, 2003, Castle was placed on probation in the U.S. District Court in Cincinnati, Ohio, for a period of 36 months. Upon this placement on probation, this officer met with the offender and went over the conditions of supervision in detail. Castle indicated he understood the conditions, including the restitution order, and signed the conditions. This officer set up a pay agreement with the offender, in which he agreed to pay $30 a month, which represented his best possible effort, based on his financial situation.

During the term of supervision, Castle was cooperative and compliant. He provided access to requested financial information, including his U.S. Bankruptcy Court settlement. He has continued to keep this officer informed of all developments of U.S. Bankruptcy Court hearings in Cincinnati, Ohio. The defendant paid his $100 special assessment in full as of February 12, 2004, and also commenced his monthly restitution payments on that date. Castle has maintained stable residence, which he and his wife own, and both of them have been fully employed throughout the supervision term. This officer believes the underlying offense was situational in nature, and believes the offender presents a very low risk of recidivism. It should be indicated that all criminal record checks conducted on the offender have not revealed any new criminal activity as of this date.

In examining his financial situation, as noted above, Castle and his wife have struggled to meet their financial obligations as indicated in the U.S. Bankruptcy Court settlement. He has few assets, other than his home, and does not have access cash available to pay the restitution. Castle will continue making payments through the balance of supervision. It is this officer's opinion that Castle has made his best, good faith effort to satisfy the Court's order of restitution. This officer has notified the Financial Litigation Unit of the U.S. Attorney's Office and both the American Express Company and Discover Financial Services of this situation. It should be indicated that under the provisions of 18 U.S.C. § 3663, Castle will be liable for the outstanding restitution balance for a period of time up to 20 years after his sentencing date of July 8, 2003, which will be July 2023.

Therefore, based on Castle's cooperation and effort, along with the provisions of 18 U.S.C. § 3663 to obtain the balance of restitution, this officer is respectfully recommending that no action be taken against Castle for failure to pay restitution, and allow him to discharge as scheduled on July 7, 2006.

The Court is reminded to mark the box reflecting the Court's decision in this matter, and to sign the appropriate location.

|  | Respectfully submitted, | Approved, |
|---|---|---|
| by | *David J. Backman* (signature) | by *John Cole* (signature) |
|  | **David Backman** | **John Cole** |
|  | U. S. Probation Officer | Supervising U. S. Probation Officer |
|  | Date: May 12, 2006 | Date: May 12, 2006 |

[✓] I concur with the recommendation of the Probation Officer
[ ] Submit a Request for Modifying the Condition or Term of Supervision
[ ] Submit a Request for Warrant or Summons

Signature of Judicial Officer

5/24/06
Date